UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALBERTO MALAPIRA, on Behalf of Himself and on Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 4:20-cv-01488 |
| v. | § § | |
| C4 TECHNICAL SERVICES, LLC, | § § | |
| Defendant. | § § | |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

## SUMMARY

1. Defendant C4 Technical Services, LLC ("Defendant") failed to pay overtime wages at the rate of time and one half the regular rate of pay to Plaintiff Alberto Malapira ("Plaintiff"). Defendant paid Plaintiff an hourly rate for all hours he worked but illegally classified a portion of his hourly rate as a "per diem" payment. As a result, the improperly classified "per diem" payment was excluded from the regular rate of pay of Plaintiff and thus, he was not paid overtime at the rate of time and one half his regular rate of pay for all hours worked over 40 in a workweek.

2. Defendant's conduct violates the Fair Labor Standards Act, which requires non-exempt employees to be compensated for all hours in excess of forty in a workweek at one and one-half times their regular rates of pay. *See* 29 U.S.C. § 207(a). On behalf of himself and all other similarly situated employees, Plaintiff bring this action as a collective action under the FLSA, 29 U.S.C. § 216(b). Members of the collective action are referred to as the "Class Members."

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 because the action involves a federal statute, the FLSA, 29 U.S.C §§ 201, *et seq*.

4. Defendant is subject to personal jurisdiction in this District because it conducts substantial and continuous commercial activities in Texas. Defendant contracts with customers in Texas for the services provided by its workforce, maintains an office in Texas, employs Texas residents, and generates income in Texas.

5. Venue is proper in this District because the Plaintiff worked in this District, worked overtime hours in this District, and was denied overtime wages at the rate of time and one half their regular rates of pay in this District. That is, the violation of which Plaintiff complains occurred while he worked in this District. Thus, the wrongs herein alleged occurred in this District.

## PARTIES AND PERSONAL JURISDICTION

6. Plaintiff Alberto Malapira is an individual residing in Harris County, Texas. Plaintiff's written consent to this action is attached hereto as Exhibit "A."

7. Defendant C4 Technical Services, LLC is a Minnesota limited liability company doing business in Texas. Said Defendant can be served with process by serving Mary K. Gaida at 2862 Middle Street, Little Canada, MN 55117, its registered office.

8. The "Class Members" are all telecommunication technicians a/k/a field technicians, and all employees in substantially similar positions, paid an hourly rate and a per diem for at least one week during the three year period prior to the filing of this lawsuit to the present.

## COVERAGE

9. At all material times, Defendant has been an employer within the meaning of the FLSA. 29 U.S.C. § 203(d).

10. At all material times, Defendant has been an enterprise in commerce or in the production of goods in commerce within the meaning of the FLSA due to the fact that Defendant has had and continues to have employees engaged in interstate commerce. 29 U.S.C. § 203(s)(1).

11. At all material times, Defendant has had an annual gross business volume in excess of the statutory standard of $500,000.

12. At all material times, Plaintiff and the Class Members were/are employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. § 207.

## FACTS

13. Defendant is a staffing company that employs workers and assigns them to various telecommunication companies. Defendant operates across the US, including in California, Georgia, Florida, Illinois, Minnesota, and Texas.

14. Defendant's website states that it is a "firm with national capabilities for staffing everything from staff augmentation needs to full scale project teams. We have over 350 resources billing in 44 states." http://c4techservices.com/about/ (last visited April 27, 2020).

15. Plaintiff worked for Defendant from July 2019 to October 2019 as a telecommunication technician (also known as an field technician).

16. As telecommunication technicians, Plaintiff and the Class Members performed manual labor tasks at cellular sites. Plaintiff and the Class Members installed cables, wires, and equipment at the cell sites. To do this work, Plaintiff and the Class Members used basic hand tools such as cable cutters, screwdrivers, ladders, pliers, wrenches, colored tape, cameras, and zip ties.

17. Plaintiff and the Class Members were not exempt from overtime and were entitled to overtime pay for all hours they worked over 40 in a workweek at the rate of one and half their regular rates of pay.

18.     The Plaintiff and the Class Members were paid an hourly rate plus an hourly per diem by Defendant.

19.     Attached hereto as Exhibit B is Plaintiff's employment agreement with Defendant. Plaintiff's compensation structure was described as follows:

> 3. **Compensation:** In consideration of your services, C4 agrees to pay you at the following:
>
> Pay Rate: **$25.00 W2 + $15.00 PD** for all hours worked within a forty (40) hour work week
> Overtime Rate: **$37.50 W2**
> Daily Per Diem: **N/A**
> Mileage: **N/A**

(Exhibit "B" at page 1)

20.     According to this compensation plan, Plaintiff's hourly rate was $40 per hour. However, $25 per hour was categorized as wages and the remaining $15 per hour was illegally classified as a reimbursement for expenses. Given that Plaintiff's hourly rate was $40 per hour, he should have been paid **$60 per hour for every overtime hour that he worked**. However, Plaintiff was paid at the rate of **$37.50 per hour for overtime** – which is less than his true hourly rate of $40 per hour.

21.     Page 3 of Exhibit B further explains that the per diem payment was an hourly rate that was not included for purposes of calculating overtime.

> TECHNICAL SERVICES                             **PER DIEM ADDENDUM**
>
> **C4Tech Services,** agrees to reimburse you $ 15.00 x hourly, for qualifying per diem expenses while working for C4TechServices on a temporary basis (expected duration of less than 12 months) at its Client **Verveba**, located in **"as directed"**.
>
> I understand that this excludable per diem payment will not be included in my income or be reported on Form W-2 as long as my assignment satisfies per diem eligibility guidelines on my Employee Per Diem Eligibility Certification.

(*Id*. at page 3).

22.　　Defendant's pay structure, as described above, was illegal under the FLSA. As a result of this illegal pay structure, the overtime Plaintiff and the Class Members were paid was less than time and one half their regular rates of pay.

23.　　The per diem payment constitutes wages as a matter of law because the amount of the per diem paid by Defendant was based upon the number of hours worked and not actual expenses that were incurred. In these circumstances, the per diem is a wage payment that must be included in the regular rate of pay. *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036 1041-42 (5th Cir. 2010); *Hanson v. Camin Cargo Control, Inc.*, 2015 WL 1737394, at *5 (S.D. Tex. Apr. 16, 2015).

24.　　Even if the per diem was not based upon the number of hours worked, it still should have been included in the regular rate of pay. That is because the per diem was substantially greater than the actual or reasonable approximation of the Plaintiff's and Class Members' expenses. Indeed, in addition to paying the per diem, Defendant reimbursed the Plaintiff and Class Members for their out of pocket expenses.

25.　　In fact, Defendant pay the per diem regardless of whether or not they actually incur travel or work related expenses in a given week. Thus, the per diem bore no reasonable relationship to actual expenses that were incurred.

26.　　Defendant disguised this compensation as an expense reimbursement in order to avoid including such compensation in the calculation of the overtime rate. Again, because Defendant failed to include the "per diem" in the overtime calculation, Defendant has paid Plaintiff and Class Members at rates less than what the FLSA mandates.

27.　　Additionally, Defendant has a policy of not paying for any time worked during training. During the first 8 days that Plaintiff worked for Defendant, he underwent training. This

training included learning how to use the tools and equipment to perform the work at cell sites. However, for this training, he was not paid any wages, let alone overtime wages.

28. Although Plaintiff and the Class Members have been required to work more than forty (40) hours per work-week, and did so frequently, they were not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek.

29. No exemption from overtime applies to the Plaintiff or the Class Members.

30. Defendant's method of paying the Plaintiff and the Class Members in violation of the FLSA was willful and was not based on a good faith and reasonable belief that their conduct complied with the FLSA. Defendant's misclassification was not by accident, but a well thought out scheme to reduce labor costs. Defendant knew the requirement to pay overtime to its employees, but intentionally and/or recklessly chose not to do so. Accordingly, Defendant's violations of the FLSA were willful.

## VIOLATION OF 29 U.S.C. § 207
### FAILURE TO PAY OVERTIME UNDER THE FLSA
### (COLLECTIVE ACTION)

31. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

32. Defendant's practice of failing to pay Plaintiff at the rate of time-and-one-half his regular rate of pay for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

33. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendant or the Plaintiff.

34. The FLSA requires employers to compensate employees for each hour worked over forty (40) at a rate not less than one and one-half times the employee's regular rate of pay.

## VIOLATION OF 29 U.S.C. § 206
**FAILURE TO PAY MINIMUM WAGE UNDER THE FLSA**
**(COLLECTIVE ACTION)**

35. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

36. Defendant's practice of failing to pay Plaintiff any wages during training violates the FLSA's requirement that workers be paid at least at the federal minimum wage rate for all hours worked. 29 U.S.C. § 206.

37. None of the exemptions provided by the FLSA regulating the duty of employers to pay the minimum wage are applicable to Defendant or the Plaintiff.

## COLLECTIVE ACTION ALLEGATIONS

38. Plaintiff has actual knowledge that the Class Members have also been denied overtime pay for hours worked over forty (40) hours per workweek as a result of Defendant's exclusion of per diem payment from the regular rate calculation.

39. Plaintiff's knowledge is based on his personal work experience and through communications with other workers of Defendant while performing work for Defendant.

40. Other hourly paid workers similarly situated to Plaintiff work for Defendant throughout the United States, but are not paid overtime at the rate of one and one-half their regular rates of pay when those hours exceeded forty (40) hours per workweek.

41. Although Defendant permitted and/or required the Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty (40) by failing to pay overtime on the per diem payments issued to Class Members.

42. Class Members perform or have performed the same or similar work as Plaintiff and also received a per diem.

43. Class Members are not exempt from receiving overtime pay under the FLSA.

44. As such, Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, and the denial of overtime pay.

45. Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of Class Members.

46. The experiences of the Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of Class Members.

47. The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

48. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek.

49. Although the exact amount of damages may vary among the Class Members, the damages for Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Class Members.

50. This action is brought on behalf of the following class for purposes of the collective action provisions set forth in 29 U.S.C. § 216(b). The class is properly defined as follows:

> **All telecommunication technicians a/k/a field technicians, and all employees in substantially similar positions, paid an hourly rate and a per diem for at least one week during the three year period prior to the filing of this lawsuit to the present.**

51. Plaintiff brings this case as a collective action to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs that are owed to Plaintiff and the Class Members, as defined above.

52. Given the composition and size of the class, potential opt-in class members may be informed of the pendency of this action through direct mail, text message, and email.

53. Collective treatment is proper in this case because Plaintiff is similarly situated to the employees he seeks to represent. Plaintiff and the Class Members were subject to the same compensation policies. The Plaintiff and Class Members performed the same or similar duties.

## DAMAGES SOUGHT

54. Plaintiff and the Class Members are entitled to recover their unpaid minimum wages and overtime compensation. 29 U.S.C. §§ 206, 207, 216.

55. Plaintiff and the Class Members are entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

56. Plaintiff and the Class Members are entitled to recover attorney's fees, interest, and costs. 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

57. For these reasons, Plaintiff, on behalf of himself and the Class Members, respectfully request that judgment be entered in their favor awarding them the following:

   a. Overtime and minimum wage compensation;

   b. Liquidated damages in an amount equal to their unpaid wages as allowed under the FLSA;

   c. Reasonable attorney's fees, costs, interest, and expenses of this action as provided by the FLSA; and

   d. Such other and further relief to which Plaintiff and Class Members may be entitled, at law or in equity.

       Respectfully submitted,

      HODGES & FOTY, L.L.P.

   By: Don J. Foty
     Don J. Foty
     Dfoty@hftrialfirm.com
     Texas Bar No. 24050022
     4409 Montrose Blvd., Ste. 200
     Houston, Texas 77006
     Telephone: (713) 523-0001
     Facsimile: (713) 523-1116

   ATTORNEY-IN-CHARGE FOR PLAINTIFF
   AND CLASS MEMBERS